UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80735-CIV-DIMITROULEAS

PAUL BIRSTER AND ANGELA BIRSTER,

    Plaintiffs,

vs.

AMERICAN HOME MORTGAGE SERVICING, INC.,
a Delaware Corporation,

    Defendant.
_____/

**ORDER GRANTING, IN PART, DENYING, IN PART, MOTION
FOR SUMMARY JUDGMENT; REMANDING STATE LAW CLAIMS**

THIS CAUSE is before the Court upon AHMSI's Motion for Summary Judgment [DE-28], filed herein on May 20, 2011. The Court has carefully considered the Motion, Defendant's Statement of Undisputed Material Facts [DE-29], Plaintiffs' Response [DE-37], Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts [DE-38],[1] and is otherwise fully advised in the premises.

**I.  BACKGROUND**

Plaintiffs, Paul and Angela Birster, commenced the instant action on May 4, 2010, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, asserting claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"), and intentional infliction of emotional distress. Defendant American Home

---

[1] Defendant failed to file a reply in support of the instant Motion, despite that the time for doing so had passed. [DE-47, 57].

Mortgage Servicing, Inc. ("AHMSI") removed the instant action to this Court on June 21, 2010 [DE-1].

The present action relates to purported conduct by AHMSI in attempting to collect on a mortgage debt obtained by Plaintiffs for a home in Jupiter, Florida.  A mortgage foreclosure action was filed against Plaintiffs on February 9, 2009, relating to this mortgage debt.  Thereafter, Plaintiffs filed the instant suit on May 4, 2010 [DE-1-3].  Plaintiffs allege that AHMSI repeatedly made harassing and threatening phone calls wherein false statements were made as to the date for a foreclosure sale of Plaintiffs' property and Plaintiffs being kicked out of their home, [DE-1-3, ¶¶ 21, 29, 35, 37, 40], and further allege that AHMSI repeatedly visited the property to take pictures and harass Plaintiffs, *id.* at ¶¶ 27, 33, 45.  Plaintiffs concede in their Complaint that AHMSI is a "loan servicing company" [DE-1- 3, ¶ 17].  There is also no dispute that Defendant began servicing Plaintiffs' mortgage debt on July 30, 2008.  [DE-29, ¶ 9; DE-38, ¶ 9].

## II. DISCUSSION

A.  **Summary Judgment Standard**

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F. 2d 1573, 1577 (11th Cir. 1990).

**B.     AHMSI's Motion for Summary Judgment**

AHMSI requests that the Court grant summary judgment as to each of the counts on the following grounds: (1) the FDCPA and FCCPA claims fail as a matter of law because foreclosing on a mortgage is not debt collection, AHMSI is not a debt collector, there was no harassing, abusive language, or threatening of legal rights by AHMSI, the refusal to contact an attorney is not a FCCPA violation, and Plaintiffs have provided no evidence of damages arising from the alleged FCCPA violations; and (2) the intentional infliction of emotional distress claim fails as a matter of law because the conduct complained of was not "outrageous" and it was privileged.

3

      1.      **FDCPA Claim**

           (a)      **Foreclosure as Debt Collection**

AHMSI argues that this lawsuit arises from communications relating to a mortgage-secured debt and AHMSI was seeking to enforce a security interest. As such, Defendant argues that summary judgment should be entered on the FDCPA and FCCPA claims on the ground that so long as the object of the communication is to enforce a security interest, rather than obtain payment of funds ancillary to the mortgage proceedings, the communication is not a debt collection practice. Plaintiffs counter that AHMSI was not seeking to enforce a security interest, but instead AHMSI's actions were taken for the sole purpose of collecting money from Plaintiffs. Consequently, Plaintiffs argue that AHMSI was engaged in debt collection activity for the purposes of the FDCPA.

In *Warren v. Countrywide Home Loans, Inc.,* the Eleventh Circuit explained that "Congress enacted the FDCPA to (a) stop debt collectors from using abus[ive] debt collection practices, (b) insure that debt collectors who refrain from such practices are not competitively disadvantaged, and (c) promote consist[ent] state action to protect consumers from such practices." 342 Fed. Appx. 458, 460 (11th Cir. 2009). The Eleventh Circuit pointed out that the FDCPA does not define "debt collection." However, relying upon section 1692a(6) which provides that "[f]or the purpose of section 1692f(6) of this title, [the term debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests," the court concluded that since "the statute specifically says that a person in the business of enforcing security interest is a 'debt collector' for the purposes of § 1692f(6)" this "reasonably suggests

that such a person is not a debt collector for purposes of the other sections of the Act." *Id.* at 460.  In other words, the *Warren* court concluded that pursuant to the express language of the FDCPA, a person in the business of enforcing a security interest is only a "debt collector" for the purposes of § 1692f(6).  *Id.; see also Memmott v. OneWest Bank,* Case No. 10-3042-CL, 2011 WL 1560985, at *6 (D. Ore. Feb. 9, 2011) (interpreting *Warren* to hold that "§ 1692f(b) 'reasonably suggests' that such a person in the business of enforcing security interests 'is not a debt collector for purposes of the other sections of the Act.'").

 Here, Plaintiffs allegations clearly relate to the foreclosure action and AHMSI's activities in attempting to enforce the security interest in the form of the mortgage debt on Plaintiffs' home.  There is no dispute by the parties that AHMSI is the loan servicer on Plaintiffs' mortgage debt.  While Plaintiffs make the conclusory contention that AHMSI's actions were taken for the sole purpose of collecting money from Plaintiffs, the allegations of the Complaint belie such a contention.  Even when accepting Plaintiffs' allegations as true, Plaintiffs allegations relate to purported false statements by AHMSI as to the date of a foreclosure sale on Plaintiffs' property and Plaintiffs being kicked out of their home.  [DE-1-3, ¶¶ 21, 29, 35, 37, 40].  Such conduct relates to enforcement of a security interest, as a foreclosure sale and the subsequent loss of one's home through a foreclosure sale are the very remedies sought in a foreclosure action.  Further, Plaintiffs allege that AHMSI repeatedly visited the property to take pictures and harass Plaintiffs.  *Id.* at ¶¶ 27, 33, 45.  Yet, once again, even this conduct would relate to efforts to protect and enforce a security interest on a property.  Far from representing attempts by AHMSI to obtain the payment of any funds ancillary to the mortgage proceedings or security interest, such conduct simply represents acts to further the foreclosure proceedings and enforce the security interest on

Plaintiffs' home.  *See Trent v. Mortgage Electronic Registration Systems, Inc.,* 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) ("[F]oreclosing on a mortgage 'is distinct from the collection of the obligation to pay money.  The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor.  But, foreclosing . . . is an entirely different path.  Payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property.'") (internal citations omitted); *see also Rosado v. Taylor,* 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004) ("Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices").

Contrary to Plaintiffs' assertions, the holding in *Warren* has broader implications then just the limited facts that were before the court.  Section 1692a(6) provides that "[f]or the purpose of section 1692f(6) of this title, [the term debt collector] also includes <u>any person</u> who uses any instrumentality of interstate commerce or the mails in any business the <u>principal purpose of which is the enforcement of security interests</u>."  15 U.S.C. §1692a(6) (emphasis added).  The use of the phrase "any person" reasonably encompasses not only the owner and holder of the note and mortgage, but also a loan servicer, such as AHMSI, so long as the purpose of the conduct is the enforcement of security interests.  As recognized by the *Warren* court, Congress clearly intended to treat the enforcement of security interests different then other debts by including any person in the business of enforcing security interest within the definition of a "debt collector" only with respect to section 1692f(6) of the FDCPA.  Thus, whether the conduct at issue is the act of filing a foreclosure action or communications and conduct subsequent to the filing of the foreclosure, so long as the purpose of the conduct is the enforcement of a security interest the only section of the FDCPA available to such claims is section 1692f(6).

6

Consequently, given that Plaintiffs have not asserted a claim for violation of section 1692f(6)[2] and Plaintiffs' allegations relate solely to efforts by AHMSI to enforce a security interest, the FDCPA fails as a matter of law.[3]

### 2. Remaining State Law Claims

AHMSI removed this action pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) [DE-1]. Plaintiffs assert only one federal count in their Complaint – violation of the FDCPA. While this Court may have authority to exercise supplemental jurisdiction over the remaining state law claims, the Court may nevertheless decline to exercise supplemental jurisdiction where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966); *see also Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir. 2004) (The Eleventh Circuit "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *L.A. Draper & Son v. Wheelabrator-Frye, Inc.,* 735 F.2d 414, 428 (11th Cir. 1984) ("if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even

---

[2] The Court points out that Plaintiffs do include a conclusory allegation for violation of section 1692f in their Complaint. Importantly, Plaintiffs do not allege a violation of section 1692f(6) and the Court has been presented with no facts that would indicate any basis for such a claim.

[3] Having concluded that the FDCPA claim fails as a matter of law on this ground, the Court declines to reach the additional arguments raised by AHMSI.

requires dismissal of the state claims."); *Hinkle v. Asset Acceptance, LLC,* Case No. 09-60928-CIV, 2010 WL 298396, at *1 (S.D. Fla. Jan. 20, 2010) (declining to exercise supplemental jurisdiction over the FCCPA claim after disposing of the FDCPA on summary judgment). This is especially true when the federal claims are dismissed before trial, because considerations of "judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 n.7 (1988).

When considering that the remaining claims relate solely to issues of Florida statutory and common law, comity points in favor of declining supplemental jurisdiction where no federal claims remain. Trial in this matter has not begun. Accordingly, judicial economy, convenience, fairness, and certainly comity is best served by remanding the remaining state law claims to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

### III. CONCLUSION

Accordingly, based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. AHMSI's Motion for Summary Judgment [DE-28] is hereby **GRANTED in part** as to count II of the Complaint, and **DENIED in part** as to the state law claims in counts I and III of the Complaint;

2. The Court shall separately enter a final summary judgment in favor of Defendant as to count II;

3. The remaining state law claims in counts I through III are hereby **REMANDED** back to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida pursuant to 28 U.S.C. § 1367(c)(3).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 6th day of July, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

Paul & Angela Birster
42811 North 11th Avenue
New River, Arizona 85087

Paul & Angela Birster
11391 154th Road North
Jupiter, Florida 33478